UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: CR 07 0100 MHP |
| Plaintiff, | ) | |
| v. | ) | STIPULATION AND ORDER <s>(Proposed)</s> |
| KENT H. ROBERTS, | ) | |
| Defendant. | ) | |

With the agreement of the parties in open court on June 4, 2007, the Court set the case for further status on February 5, 2008, at 10 a.m., and excluded time under the Speedy Trial Act from June 4, 2007, to February 5, 2008. Specifically, the Court found and held as follows:

1. Roberts has been charged in the seven-count indictment with mail and wire fraud in violation of 18 U.S.C. §§ 1341,1343 and 1346, false SEC filings in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5, and falsifying books, records and accounts in violation of 15 U.S.C. §§ 78m((b)(2)(A), 78m(b)(5) and 78ff and 17 C.F.R. § 240.13b2-1.  He is free on a secured bond.  The parties previously agreed, and the Court found, that the case was complex, based on the fact that it is a complicated fraud scheme with substantial evidence, both paper and electronic.

2. At the status date on June 4, 2007, the Court set a trial date on February 5, 2008, and excluded time until February 5, 2008, based on complexity, effective preparation of defense

STIPULATION AND ORDER (CR 07 100 MHP)

counsel, and continuity of defense counsel. Those exclusions specifically were based on the complex nature of the fraud scheme charged in the indictment, defense counsel's need to review existing discovery, the ongoing provision of discovery and the defense's need to review the new discovery, and defense counsel's other-scheduled case commitments, including a trial in Texas in August 2007 and a trial in New York scheduled to run through at least October 2007 and possibly November 2007.

3. More particularly, the parties agreed, and the Court found and held, that failing to grant a continuance until February 5, 2008, would unreasonably deny the defendant continuity of counsel. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties also agreed, and the Court found and held, that failing to grant a continuance would deny counsel for the defense the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties agreed, and the Court found and held, that "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B)(ii). Finally, the parties agreed, and the Court found and held, that the ends of justice served by excluding the period from June 4, 2007, to February 5, 2008, outweighed the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(A).

4. Accordingly, the Court excludes time under the Speedy Trial Act from June 4, 2007, to February 5, 2008. See 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

IT IS SO ORDERED.

DATED: July 17, 2007 _____
                               MARILYN HALL PATEL
                               United States District Judge

STIPULATED:

DATED: July 14, 2007        /S/ Neal Stephens
                               NEAL STEPHENS
                               Attorney for KENT ROBERTS

DATED: July 14, 2007        /S/ Laurel Beeler
                               LAUREL BEELER
                               TIMOTHY J. LUCEY
                               Assistant United States Attorneys

IT IS SO ORDERED
Judge Marilyn H. Patel