UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: CR 07 0100 MHP |
| Plaintiff, | ) | |
| v. | ) | STIPULATION AND ORDER (Proposed) |
| KENT H. ROBERTS, | ) | |
| Defendant. | ) | |

With the agreement of the parties in open court on July 9, 2007, the Court set the case for further status on September 17, 2007, at 10 a.m., and excluded time under the Speedy Trial Act from July 9, 2007, to September 17, 2007.  Specifically, the Court found and held as follows:

1. Roberts has been charged in the seven-count indictment with mail and wire fraud in violation of 18 U.S.C. §§ 1341,1343 and 1346, false SEC filings in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5, and falsifying books, records and accounts in violation of 15 U.S.C. §§ 78m((b)(2)(A), 78m(b)(5) and 78ff and 17 C.F.R. § 240.13b2-1.  He is free on a secured bond.  The parties previously agreed, and the Court found, that the case was complex, based on the fact that it is a complicated fraud scheme with substantial evidence, both paper and electronic.  The Court previously set a trial date on February 5, 2008, and previously excluded time from May 21, 2007, to February 5, 2008, based on complexity, effective preparation of defense counsel, and continuity of defense counsel.

STIPULATION AND ORDER (CR 07 100 MHP)

2. The prosecution has provided significant discovery and will provide additional discovery within two weeks. The defense continues to review the discovery. In addition, defense counsel has other case commitments, including a trial in Texas that begins in August. In court on July 9, 2007, the parties agreed, and the Court found, that these were additional grounds for an exclusion of time from July 9, 2007, to the next status date of September 17, 2007.

3. The parties agreed, and the Court found and held, that failing to grant a continuance until September 17, 2007, would unreasonably deny the defendant continuity of counsel. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties also agreed, and the Court found and held, that failing to grant a continuance would deny counsel for the defense the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties agreed, and the Court found and held, that "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B)(ii). Finally, the parties agreed, and the Court found and held, that the ends of justice served by excluding the period from July 9, 2007, to September 17, 2007, outweighed the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(A).

4. Accordingly, and in addition to its previous exclusion of time under the Speedy Trial Act through the trial date of February 5, 2008, the Court excludes time under the Speedy Trial Act from July 9, 2007, to September 17, 2007. See 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

IT IS SO ORDERED.

DATED: July 17, 2007

_____
MARILYN HALL PATEL
United States District Judge

STIPULATED:

DATED: July 14, 2007        /S/ Neal Stephens
                            NEAL STEPHENS
                            Attorney for KENT H. R

DATED: July 14, 2007        /S/ Laurel Beeler
                            LAUREL BEELER
                            TIMOTHY J. LUCEY
                            Assistant United States Attorneys

*IT IS SO ORDERED — Judge Marilyn H. Patel (seal)*