UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: CR 07 0100 MHP |
| Plaintiff, ) | |
| v. ) | STIPULATION AND ORDER <s>(Proposed)</s> |
| KENT H. ROBERTS, ) | |
| Defendant. ) | |

With the agreement of the parties in open court on September 19, 2007, the Court vacated the trial date of February 5, 2008, set a new trial date of April 15, 2008, and set a status appearance for November 19, 2007, at 11 a.m.  At previous court appearances, the Court excluded time under the Speedy Act until February 5, 2008, and on September 19, 2007, the Court excluded time until the new trial date of April 15, 2008.  Specifically, the Court found and held as follows:

1. Roberts has been charged in the seven-count indictment with mail and wire fraud in violation of 18 U.S.C. §§ 1341,1343 and 1346, false SEC filings in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5, and falsifying books, records and accounts in violation of 15 U.S.C. §§ 78m((b)(2)(A), 78m(b)(5) and 78ff and 17 C.F.R. § 240.13b2-1.  He is free on a secured bond.  The parties previously agreed, and the Court found, that the case was complex, based on the fact that it is a complicated fraud scheme with substantial evidence, both paper and electronic.

STIPULATION AND ORDER (CR 07 100 MHP)

2. Previously, the Court set a trial date on February 5, 2008, and excluded time until February 5, 2008, based on complexity, effective preparation of defense counsel, and continuity of defense counsel.  Those exclusions specifically were based on the complex nature of the fraud scheme charged in the indictment, defense counsel's need to review existing discovery, the ongoing provision of discovery and the defense's need to review the new discovery, and defense counsel's other-scheduled case commitments, including a trial in New York that the defense then estimated would run through at least October 2007 and possibly November 2007.

3. In the parties' status memorandum and in court on September 17, 2007, the defense advised the Court that the trial in New York now is scheduled to run into January 2008.  Given the complex nature of the fraud, the defense's need to prepare for trial, and the New York trial schedule, the parties agreed, and the Court found and held, that failing to vacate the February 5, 2008, trial date and exclude time until the new trial date of April 15, 2008, would unreasonably deny the defendant continuity of counsel.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  The parties also agreed, and the Court found and held, that failing to grant a continuance would deny counsel for the defense the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  And as the parties have agreed, and the Court has held, "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(B)(ii).

4. Accordingly, during the court appearance on September 17, 2007, the Court further excluded time under the Speedy Trial Act from February 5, 2008, to April 15, 2008, and it now enters this order documenting that exclusion.  See 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).  The parties have agreed, and the Court finds and holds, that the ends of justice served by excluding time until the new trial date of April 15, 2008, outweigh the best interest of the public and the

//

//

//

1  defendant in a speedy trial. Id. § 3161(h)(A).

2      IT IS SO ORDERED.

3  DATED: 9/19/2007

4                             MARILYN HALL PATEL
                           United States District Judge

5  STIPULATED:

DATED: September 18, 2007

6                             NEAL STEPHENS
                           Attorney for KENTH ROBERTS

7  DATED: September 18, 2007          /s/

8                             LAUREL BEELER
                           TIMOTHY J. LUCEY

9                             Assistant United States Attorneys

*(Signed: Judge Marilyn H. Patel — IT IS SO ORDERED)*

STIPULATION AND ORDER (CR 07 100 MHP)    3