UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | No.: CR 07 0100 MHP |
| Plaintiff,                            ) | |
| v.                                    ) | REQUEST, STIPULATION AND ORDER |
|                                        ) | (Proposed) |
| KENT H. ROBERTS,                       ) | |
| Defendant.                            ) | |

Based on availability of defense counsel and the need for effective preparation of defense counsel, the parties jointly request that the Court vacate the June 10, 2008, trial date and reset the case for trial on Tuesday, September 16, 2008. The parties' trial estimate remains approximately three weeks.

1. Counsel for Roberts has been involved in a complex year-long case that recently finished. The currently-set June 10 trial date was – at the time the parties set it – the earliest possible date that the defense could try the case, given the need for effective preparation of defense counsel and the availability of defense counsel, given other previously-scheduled case commitments.

2. The parties agree that continuing the case until September 16, 2008, is necessary, given continuing case commitments of lead defense counsel, the need for defense counsel to prepare effectively for trial, and the complexity of the case (which involves charges of mail and wire

REQUEST, STIPULATION
AND ORDER (CR 07 100 MHP)

1  fraud and violations of the securities laws).  These factors – together with other scheduled
2  commitments that render defense counsel unavailable until September – make September 16,
3  2008, the first date that defense counsel is available for trial.  The parties agree that failing to
4  grant a continuance until September 16, 2008, would unreasonably deny the defendant continuity
5  of counsel.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  The parties also agree that failing to grant a
6  continuance would deny counsel for the defense the reasonable time necessary for effective
7  preparation, taking into account the exercise of due diligence.  See 18 U.S.C. §
8  3161(h)(8)(B)(iv).  The parties also agree, and the Court has found previously, that the case
9  involves government allegations of a complicated fraud scheme with substantial evidence, both
10 paper and electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of
11 the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to
12 expect adequate preparation for pretrial proceedings or for the trial itself within the time limits
13 established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(B)(ii).  Finally, the parties
14 agree that the ends of justice served by excluding time until September 16, 2008, outweigh the
15 best interest of the public and the defendant in a speedy trial.  Id. § 3161(h)(A).

STIPULATED:

DATED: April 10, 2008                    /S/ Neal Stephens
                                         NEAL STEPHENS
                                         Attorney for KENT H. ROBERTS

DATED:  April 10, 2008                   /S/  Laurel Beeler
                                         LAUREL BEELER
                                         TIMOTHY J. LUCEY
                                         Assistant United States Attorneys

For good cause shown, the Court vacates the trial date of June 10, 2008, and resets the case for trial to begin on **Tuesday, September 16, 2008, 8:30 a.m.**  The pre-trial conference is hereby re-set for **Wednesday, August 27, 2008, at 2:30 p.m.**, with all pre-trial filings to be submitted 10 days prior to the pre-trial conference.

Time previously has been excluded in the case until June 10, 2008, and the Court enters this order excluding time from June 10, 2008, to September 16, 2008.  Specifically, the parties agree, and the Court finds and holds, that failing to grant a continuance until September 16, 2008,

1 would unreasonably deny the defendant continuity of counsel, and also would deny defense
2 counsel the reasonable time necessary for effective preparation, taking into account the exercise
3 of due diligence. <u>See</u> 18 U.S.C. § 3161(h)(8)(B)(iv).  The parties also agree, and the Court finds
4 and holds, that the case involves government allegations of a complicated fraud scheme with
5 substantial evidence, both paper and electronic, and that thus "the case is so unusual or so
6 complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or
7 law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial
8 itself within the time limits established" by the Speedy Trial Act.  <u>See</u> 18 U.S.C. §
9 3161(h)(8)(B)(ii).  Finally, the parties agree, and the Court finds and holds, that the ends of
10 justice served by excluding time from June 10, 2008, until September 18, 2008,  outweigh the
11 best interest of the public and the defendant in a speedy trial. <u>Id.</u> § 3161(h)(A).

**IT IS SO ORDERED.**

**DATED:** 4/10/2008



IT IS SO ORDERED

Judge Marilyn H. Patel